**UNITED STATES of America,**
v.
**Alastair KYLE, Defendant.**
**Cr. No. 44581.**

United States District Court
E. D. New York.
Feb. 20, 1959.
Order Affirmed May 21, 1959.
See 266 F.2d 670.

See also 21 F.R.D. 163.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, Brooklyn, N. Y., for the United States, Averill M. Williams, Asst. U. S. Atty., New York City, of counsel.

Robert Satter, New York City, for defendant.

BRUCHHAUSEN, District Judge.

The defendant moves to vacate his sentence under 28 U.S.C. Section 2255 upon various grounds, hereinafter mentioned.

The judgment of conviction was affirmed on appeal and certiorari was denied by the United States Supreme Court.

The said statute provides, in effect, that a petitioner thereunder is not entitled to a hearing on the motion if the files and records of the case show that he is entitled to no relief.

### As To The Alleged Suppression Of Evidence

■ The trial record shows that this claim was fully explored. The cases cited by the defendant pertain to situations wherein the defendants belatedly acquired information or evidence, which might have aided them if known at the time of trial.

It disclosed that, preceding the trial, the United States Attorney took posses-

sion of the records of the defendant Toys of the World Club, Inc., including correspondence had with one Gessele, a foreign manufacturer of toys. The Government introduced into evidence some of the letters whereupon the defendant's attorney sought the production of copies of letters written by the defendant Kyle or his corporation to Gessele. The plaintiff's attorney stated to the Court that he had no such letters in the files. During the discussions on this subject, the Court directed that the files be placed in a room convenient to the court room and that the defendant and his attorney be afforded free access to them. The affidavit of Edward Greenbaum, attached to the moving papers, adds no weight to the position of the movant, Kyle. The gist thereof, was made a part of the trial record to the effect that prior to the trial, on behalf of one of the defendants, he examined the copies of the letters to Gessele and made notes thereof, including the subject matter. Upon this information, the defendant, Kyle, was at liberty to offer secondary evidence of the contents of the letters. The failure to do so is an indication that he concluded not to further pursue the matter as is the statement in Kyle's reply brief herein that the said "notes were undoubtedly useless on the issue central to Kyle's defense."

Kyle maintained the same position in his appeal brief, viz.:

"It would serve no useful purpose to enter upon an analysis of the voluminous one-sided Gessele correspondence, in the light of the stipulation read into the record (Def. Ex.LL, 1001–1004) to which we have previously referred." The stipulation provided, viz.:

" * * * That if the following persons were called as witnesses they would testify as follows:

"Mr. Hannes Gessele of Salzburg, Austria, would testify that in or about June and October, 1955, he was called on by the defendant Kyle in Salzburg.

"That as a result of the agreements entered into with Kyle and Toys of the World Club Incorporated, many thousands of toy Tyrolean villages manufactured in his factory were mailed directly to subscribers of Toys of the World Club Incorporated and many more thousands of said Toy Tyrolean villages were shipped to Halifax.

"That through error on the part of the shippers many thousands of said toy Tyrolean villages were delayed in arriving at Halifax and were too late for Christmas delivery.

"That he was willing and able to supply toys to Toys of the World Club Incorporated throughout the period from June, 1955, to August, 1956."

### The Alleged False Testimony Of The Government Witness, Matathias

██ The movant, Kyle, now boldly asserts that the testimony of Matathias was false, implying evil motive, while in his brief on appeal Kyle termed it "technically truthful." At most, the witness made an arithmetical error of $12,000 in stating that checks cashed aggregated over $118,000 rather than $106,000. Further, in his brief on appeal, Kyle referred to the exhibits, the company's books, as showing the true total. If at the trial, he had cross-examined Matathias and called his attention to the claimed variance between the book figures and the oral testimony, he could have disclosed the error. It is plain that no hearing is required on this point. Kyle makes no claim of the existence of evidence, not now a part of the record.

### The Alleged False Representations Of The Government Witness Meesig

██ The witness, Robert J. Meesig, a Postal Inspector, familiar with accounting, prepared profit and loss statements and balance sheets from the company's books in evidence. The defendant's attorney fully cross-examined him as to various items set forth in the statements and their basis. The witness made no representations or claims of personal knowledge of any transaction.

One of the items in the books, listed therein is a liability based on subscribers accounts of the sum of $133,862.30, as of October 31, 1955.

Mr. Meesig, on cross-examination, testified that he did not know when this entry was made. The defendant, on this motion, claims the statement was wilfully false, implying that the witness knew when it was made. No one claims he was present when the entry was made. It is obvious that he had no knowledge of the entry date. Although the defendant in his brief on appeal argued at some length about the effect of the book entries, he made no claim that Meesig testified falsely.

### As To The Alleged Misrepresentations Made By Government Counsel At The Time Of Sentencing.

■ The defendant now contends that prior to the trial the Bureau of Internal Revenue had made audits of the corporations check cashing and Canadian transactions and that Government counsel, at the time of sentencing, informed the Court that audits had not been made, thus wilfully misrepresenting the situation.

If that matter had any importance, the defendant should have cross-examined Mr. Meesig thereon. If the defendant failed to obtain the desired response, then he could have called his own witness, the individual whom he claims was possessed of information to the contrary. Furthermore, the Court did not in any degree rely upon or base the sentence upon the statement.

### Summary Of The Defendant's Contentions

It is plain that the defendant seeks a retrial of matters explored at the original trial of this action and on appeal. He embellishes his plea by violent attacks upon the prosecutor, a timeworn device usually resorted to in extremis. The papers abound with broad charges that the prosecutor wilfully suppressed evidence, wilfully introduced false and misleading testimony, wilfully participated in causing a witness to testify falsely and wilfully made misrepresentations to the court.

Mr. Warren M. Deutsch, the Assistant United States Attorney presented the case fairly and skillfully. The defendant's attacks are utterly without merit and entirely unwarranted.

The defendant fails to cite any authority supporting the theory that issues involved in a trial may again be the subject of hearing in a coram nobis proceeding. There would be no finality to a criminal action if such a theory ripened into law.

The motion is in all respects denied.